**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff/Respondent**, ) | |
| ) | Case No. 03-40053-01-JAR |
| v. ) | Case No. 11-4048-JAR |
| ) | |
| **NORMAN A. PARADA,** ) | |
| ) | |
| **Defendant/Petitioner.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Norman Parada's Motion for Reconsideration (Doc. 414). Citing to Fed. R. Civ. P. 59(e), Petitioner asks the Court to reconsider its Memorandum Order and Opinion denying his motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 412).

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have

---

[1] D. Kan. Rule 7.3(a).

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

been raised earlier.[3]

While Petitioner raised twenty-five issues in his § 2255 motion, he limits his request for reconsideration to four issues: (1) that his counsel ineffectively failed to move to dismiss the Indictment on the basis that the Government failed to comply with 18 U.S.C. § 3161(b), which requires that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested"; (2) that counsel was ineffective for failing to object to co-conspirators Bradley and Poulin's post-arrest statements to the DEA, because the statements were made after the conspiracy had ended and were inadmissible under Fed. R. Evid. 801; (3) that the question of the weight and purity of the PCP was not submitted to the jury at trial in violation of his Sixth Amendment rights, citing the United States Supreme Court's recent decision in *Alleyne v. United States*;[4] and (4) that his counsel was ineffective because he did not request an evidentiary hearing on the § 851 Information filed by the Government notifying the Court of its intent to seek an enhanced sentence on the basis of Parada's prior drug trafficking conviction.

Petitioner presents no valid legal argument to warrant relief from the Court's order on issues 1, 2 and 4. Instead, he repeats arguments and allegations made in support of his § 2255 motion. Petitioner's broad assertions are merely a rehash of his previous arguments, and are insufficient to warrant relief from judgment pursuant to Rule 59(e). Accordingly, Petitioner's motion for reconsideration is denied as to these issues.

---

[3]*Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4]— U.S.—, 133 S. Ct. 2151 (2013).

In his third issue raised on reconsideration, Parada requests relief purportedly authorized by an intervening change in controlling law. At trial, the Court submitted special interrogatories on the verdict form asking the jury to determine the amount of the PCP Parada conspired to distribute and possessed with intent to distribute.[5] The jury found Parada responsible for "100 grams or more" of PCP on both counts, which resulted in his being exposed to a prescribed range of penalties of "not less than 10 years or more than life" under 21 U.S.C. § 841(b)(1)(A)(iv). Both at trial and at sentencing, the Government presented evidence that the amount of PCP at issue was 340.7 grams. Parada now asserts that the Court improperly imposed a 405-month sentence based on specific drug quantities that were not submitted to the jury, citing the *Alleyne* decision issued June 17, 2013.

In his original § 2255 motion, Parada raised the issue of whether counsel ineffectively failed to rebut the Government's evidence at trial regarding the weight and purity of the PCP, but did not raise the previously unavailable issue in the context of whether the Court improperly imposed his sentence based on drug quantities that were not submitted to the jury in violation of his Sixth Amendment rights.[6] Although Parada submitted a "supplemental pleading" raising this issue, it was filed after the Court denied his original motion, long after the one-year statute of limitations had run, and did not seek leave to amend his original claim.[7] Thus, the Court will construe Parada's new Sixth Amendment claim as a second or successive § 2255 motion to challenge his sentence.

---

[5]Doc. 309.

[6]*See* Doc. 412 at 40-41.

[7]Doc. 413.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.[8] Because Parada's second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[9] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[10]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[11] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[12] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered

---

[8] *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

[9] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[10] *Id.*

[11] *Id.* at 1252-53.

[12] *Id.* at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[13] Finally, because this is a successive § 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting his claims presented could have been discovered through the exercise of due diligence.[14]

Parada does not meet either of the two conditions required for a successive § 2255 motion. The court will grant authorization when a second or successive § 2255 claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[15] As the Tenth Circuit recently explained, however, *Alleyne* does not meet these requirements.[16] *Alleyne* overruled prior Supreme Court case law and held that under the Sixth Amendment:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.[17]

Parada asserts that *Alleyne* is a new rule of constitutional law, and requests that he should be

---

[13]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[14]28 U.S.C. § 2255(f).

[15]*Id*. § 2255(h)(2).

[16]*In re Payne*, —F.3d—, 2013 WL 5200425, at *1 (10th Cir. Sept. 17, 2013).

[17]*Alleyne*, 133 S. Ct. at 2155 (citation omitted).

5

resentenced based upon the jury verdict finding him responsible for "100 grams" of PCP, rather than the 340.7 grams used by the Probation office and the Court in calculating his base offense level. The Tenth Circuit held, however, that although *Alleyne* sets forth a new rule of constitutional law, the Supreme Court has not held that it applies retroactively to cases on collateral review.[18] Accordingly, Parada does not meet the requirements for second or successive § 2255 motions, and thus the Court dismisses the motion rather than transferring it to the Tenth Circuit.[19]

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Norman Parada's Motion for Reconsideration (Doc. 414) is DENIED.

**IT IS FURTHER ORDERED** that Parada's Supplemental Pleading (Doc. 413) and third issue raised in his Motion for Reconsideration are construed as an unauthorized second or successive § 2255 motion that is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: October 23, 2013

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[18] *In re Payne*, 2013 WL 5200425, at *1-2.

[19] *See United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010) (explaining transfer not in interest of justice when claims clearly do not meet requirements in Section 2255(h)); *In re Cline*, 531 F.3d at 1252 (stating district court may refuse to transfer motion where motion fails on its face to satisfy any of the authorization standards of Section 2255(h)).