**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>    )<br>    Plaintiff,    )<br>    )<br>v.    )<br>    )<br>NORMAN A. PARADA,    )<br>    )<br>    Defendant.    )<br>    ) | Case No. 03-40053-01-JAR |

## ORDER

This matter is before the Court on Defendant Norman Parada's Motion Under Rule 36 to Correct Clerical Error (Doc. 423). Defendant seeks to correct the language found at paragraph 45 in his Presentence Investigative Report ("PSIR"). As explained below, Defendant's request is denied.

Fed. R. Crim. P. 36 states that after giving appropriate notice, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Tenth Circuit has held that this Rule allows correction of only non-substantive errors, and does not authorize correction of errors of law or to modify a sentence.[1]

Paragraph 45 of the PSIR includes in Defendant's criminal history section the crime of unauthorized use of an automobile, where he was incarcerated in Washington D.C. Defendant contends that "newly discovered evidence" shows that his sentence in that case was "8 months to 24 months. Credit for Time Served. 12/06/00," and that the PSIR does not reflect the credit for time served. At sentencing, the Court overruled Defendant's objection to a two-point increase

---

[1] *See United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996) (citing cases).

for a conviction within two years of being released from a facility.[2] Specifically, paragraph 45 shows that Defendant was released from custody in October 2002, approximately six months prior to his arrest for the offense in these proceedings.[3]  Accordingly, Defendant's requested change to include "credit for time served" is not an error, but additional information that is irrelevant to the calculation of the offense or the resulting imposition of two additional points to his base offense level.  Thus, it is not necessary to state it in the summary of the sentence in paragraph 45, and there was no clerical error.

Defendant also seeks to insert his correct social security number into his PSIR. Defendant also objected to the two-level enhancement in the PSIR for obstruction of justice based on Defendant's failure to provide law enforcement and probation his true social security number, name, and date of birth.[4]  The Court overruled and denied the objection, holding that Defendant gave false information and obstructed the probation office's determination of his prior arrests, convictions, and sentences, as well as the Court's ability to obtain a complete picture of the person being sentenced.  Accordingly, changing the PSIR to reflect Defendant's "correct" social security number is not a mere clerical error and is beyond the scope of Rule 36.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Correct Clerical Error (Doc. 423) is DENIED.

**IT IS SO ORDERED.**

Dated: December 3, 2015

---

[2] Doc. 334, Obj. 8.

[3] Sent. Hrg. Gov't Ex. 3.

[4] PSIR Obj. 2.

2

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE