# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.

**NORMAN A. PARADA,**

    **Defendant/Petitioner.**

No. 03-40053-01-JAR
No. 16-4099-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Norman Parada's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 426). The Government has moved to dismiss Petitioner's motion as an unauthorized second or successive motion (Doc. 428). For the reasons stated below, the Government's motion is granted.

### *Background*

Petitioner was convicted of possession with intent to distribute and conspiracy to distribute 100 grams or more of PCP, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Tenth Circuit reversed Petitioner's conviction due to an evidentiary error.[1] Petitioner was retried and convicted again in August 2007, and this Court sentenced him to concurrent terms of 405 months' imprisonment.[2] The Tenth Circuit affirmed his conviction on direct appeal.[3]

Petitioner's first motion for § 2255 relief was based on ineffective assistance of counsel. This Court denied his request for relief,[4] and the Tenth Circuit denied a certificate of

---

[1] *United States v. McNeill,* 136 F. App'x 153 (10th Cir. 2005).

[2] Doc. 347

[3] *United States v. Parada,* 577 F.3d 1275 (10th Cir. 2009), *cert. denied,* 560 U.S. 927 (2010).

[4] Docs. 412, 419.

appealability.[5] The Tenth Circuit has since denied three separate motions for authorization to file a second or successive § 2255 motion.

Undeterred, Petitioner filed the instant motion to vacate his sentence under § 2255, on the grounds that his prior state conviction for possession for sale of a controlled substance no longer serves as a predicate "violent felony" for purposes of designating him a career offender under U.S.S.G. § 4B1.1, and in turn, prevents enhancement of the base offense level under U.S.S.G. § 2K2.1, in the wake of the Supreme Court's decision in *Johnson v. United States*.[6] After the Government moved to dismiss, Petitioner moved to amend his motion (Doc. 432), citing *Mathis v. United States*.[7] Petitioner did not seek nor obtain authorization from the Tenth Circuit prior to filing either motion.

*Discussion*

A prisoner may not file a second or successive § 2255 motion unless he first seeks and procures an order from the appropriate court of appeals authorizing the district court to consider the motion.[8] A district court does not have jurisdiction to decide the merits of a federal prisoner's second or successive § 2255 motion unless and until the circuit court grants the required authorization.[9] As explained by the Tenth Circuit, however, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Circuit] if it determines

---

[5]*See United States v. Parada,* 555 F. App'x 763 (10th Cir. 2014).

[6]576 U.S. ---, 135 S. Ct. 2551 (2015).

[7]136 S. Ct. 2243 (2016).

[8]Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 9; *see also United States v. Nelson,* 465 F.3d 1145, 1148 (10th Cir. 2006).

[9]*Nelson,* 465 F.3d at 1148.

2

it is in the interest of justice to do so under [28 U.S.C.] § 1631."[10] Alternatively, the court "may dismiss the motion or petition for lack of jurisdiction."[11]

As the Government notes, there is no question that the motion is a second or successive motion under § 2255, triggering the authorization requirements of § 2255(h). Likewise, the Court construes Petitioner's motion to amend to assert a new claim under *Mathis* as a second or successive § 2255 motion to challenge his sentence. Because Petitioner's second or successive claims under § 2255 were filed without the requisite authorization from the Tenth Circuit, the Court determines whether it is in the interest of justice to transfer his claims to the Tenth Circuit under § 1631 or dismiss the motions for lack of jurisdiction.[12] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes that it is not in the interest of justice to transfer the matter to this court for authorization."[13]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[14] Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[15] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he

---

[10] *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted).

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at 1252–53.

[15] *Id.* at 1252 (citing *Trujillo v. Williams,* 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

3

satisfies one of two conditions: either (1) the existence of newly discovered evidence; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[16]

Petitioner's first motion can be sustained only under circumstances where the Supreme Court of the United States finds that the advisory Federal Sentencing Guidelines are subject to scrutiny on vagueness grounds and that *Johnson* in turn applies retroactively to the Guidelines. On March 6, 2017, however, the Supreme Court issued its opinion in *Beckles v. United States*, holding that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause, [and] [t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."[17] Consequently, *Johnson* does not provide a retroactive gateway for Petitioner to challenge his sentence. Accordingly, because Petitioner's motion is founded on a vagueness challenge to a sentence imposed under the advisory Guidelines, and *Beckles* dictates that such an argument is unavailable to Petitioner, his motion to vacate sentence must be dismissed as an unauthorized successive motion.

Petitioner's additional claim filed as a motion to amend argues that he is entitled to relief given the existence of a new rule of constitutional law in *Mathis v. United States*, where the Supreme Court explained that before imposing the five-year enhancement under the Armed Career Criminals Act ("ACCA"), a sentencing court must determine whether a defendant's prior convictions qualify as one of the enumerated "violent felonies."[18] To make this determination, courts apply the "categorical approach," looking at the "generic versions" and "not to all variants

---

[16]*United States v. Harper,* 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[17]137 S. Ct. 886, 892 (2017).

[18]136 S. Ct. 2243, 2248.

of the [enumerated] offenses."[19]  Petitioner argues that the Government improperly relied on his prior California state court conviction for possession of cocaine with intent to sell, because it does not qualify as a violent felony under *Mathis*.  However, the Tenth Circuit has determined that the new rule announced in *Mathis* does not apply retroactively.[20]  Because *Mathis* did not announce a new rule, Petitioner cannot rely on it in a successive § 2255 motion filed nearly ten years after the judgment in his criminal case became final.  Petitioner's motion is time-barred and thus subject to dismissal and must be dismissed as an unauthorized successive motion.

Because neither of Petitioner's motions meet the requirements for second or successive § 2255 motions, the Court dismisses the motions rather than transferring to the Tenth Circuit.[21]

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Dismiss Petitioner Norman Parada's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 428) is GRANTED; Petitioner's § 2255 motion (Doc. 426) is hereby DISMISSED as an unauthorized second or successive § 2255 motion.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend (Doc. 432) is construed as an unauthorized second or successive motion that is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: <u>May 19, 2017</u>

                            S/ Julie A. Robinson
                            JULIE A. ROBINSON
                            UNITED STATES DISTRICT JUDGE

---

[19]*Id.*

[20]*United States v. Taylor*, ---F. App'x ---, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016).

[21]*See United States v. Lara-Jiminez,* 377 F. App'x 820, 822 (10th Cir. 2010) (explaining transfer not in the interest of justice when claims clearly do not meet requirements in Section 2255(h)); *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008) (stating district court may refuse to transfer motion where motion fails on its face to satisfy any of the authorization standards of Section 2255(h)).