IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NORMAN A. PARADA,

    Defendant.

Case No. 5:03-40053-JAR-1

## MEMORANDUM AND ORDER

This matter comes before the Court on Norman A. Parada's Motion to Correct the Inaccurate Information within PSR (Doc. 445) and Motion for Reconsideration (Doc. 446). The Court previously denied Parada's motion for compassionate release under 18 U.S.C. § 3582(c), finding that the sentencing factors in 18 U.S.C. § 3553(a) did not favor a sentence reduction even though his medical circumstances arguably met the "extraordinary and compelling" standard.[1] Parada is again before the Court, seeking correction of allegedly inaccurate information in his presentence investigation report ("PSR") pursuant to the Privacy Act[2] and reconsideration of the denial of his motion for release on grounds that the COVID-19 pandemic presents a serious risk to his health and the Bureau of Prisons ("BOP") has failed to adequately care for persons in its custody. For the reasons provided below, Defendant's motions are denied.

### I. Background

On May 21, 2003, Parada and three others were indicted for possession with intent to distribute 100 grams or more of PCP and conspiracy to distribute 100 grams or more of PCP.[3] A

---

[1] Doc. 443.

[2] 5 U.S.C. § 552a.

[3] Doc. 1.

jury convicted Parada on both charges on November 26, 2003, and he was subsequently sentenced to a controlling 405-month term of imprisonment.[4] On June 17, 2005, the United States Court of Appeals for the Tenth Circuit reversed Parada's convictions based on an evidentiary error and remanded the case for a new trial.[5]

Following his second trial, Parada was again convicted by a jury on both counts.[6] Parada was sentenced to two controlling terms of 405-months' imprisonment to be served concurrently.[7] Parada appealed to the Tenth Circuit, and that court affirmed his conviction on August 29, 2009.[8] Parada filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on May 24, 2010.[9]

Parada then filed a motion for relief under 28 U.S.C. § 2255 based on allegations of ineffective assistance of counsel. This Court denied his motion,[10] and the Tenth Circuit declined to issue a certificate of appealability.[11] Since then, Parada has filed three separate motions for authorization to file a successive § 2255 motion, each of which the Tenth Circuit has denied.

On January 23, 2015, this Court reduced Parada's sentence from a 405-month controlling term of imprisonment to a 327-month term of imprisonment based on a retroactive change in sentencing laws and resulting amended offense level.[12] Then, on June 13, 2016, Parada filed

---

[4] Doc. 138.

[5] *United States v. McNeill*, 136 F. App'x 153 (10th Cir. 2005).

[6] Doc. 309.

[7] Doc. 347.

[8] *United States v. Parada*, 577 F.3d 1275 (10th Cir. 2009).

[9] Docs. 371, 372.

[10] Docs. 412, 419.

[11] *United States v. Parada*, 555 F. App'x 763 (10th Cir. 2014).

[12] Doc 422.

another motion for relief under § 2255 without seeking prior authorization from the Tenth Circuit.[13]  This Court dismissed that § 2255 motion as an unauthorized successive motion.[14]

Parada is currently serving his sentence at Federal Correction Institution ("FCI") Lompoc in California.  He is forty-three years old and his projected release date from the BOP is June 27, 2026.  As of November 30, 2020, the BOP reports that FCI Lompoc has 698 inmates who have tested positive for COVID-19, 942 tests have been completed, and no tests are pending.[15]  The BOP further reports that there are zero active inmate cases, zero active staff cases, and two inmate deaths.[16]

On May 26, 2020, Parada filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Federal Public Defender ("FPD") entered an appearance on Parada's behalf and filed supplemental materials in support of his motion for release.  In support of his motion, Parada stated that he suffers from kidney disease, intestinal and bladder issues, migraines, post-traumatic stress disorder, blindness in one eye, and the presence of the sickle cell gene.[17]  Parada reportedly tested positive for COVID-19 on May 8, 2020.  He stated that the BOP has not taken sufficient care to mitigate the spread of COVID-19 within FCI Lompoc, nor provided the necessary care to those who contract the virus.  The Court denied his motion, finding that the sentencing factors set out in 18 U.S.C. § 3553(a) weighed against granting release.[18]  Reducing Parada's current sentence by approximately one-fourth, the Court held,

---

[13] Doc. 426.

[14] Doc. 433.

[15] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Nov. 30, 2020).

[16] *Id.*

[17] Doc. 436.

[18] Doc. 443.

3

would produce a sentence that no longer reflects the seriousness of his criminal conduct, nor furnishes adequate deterrence to criminal conduct or provides just punishment. Of particular concern to the Court was the difficulty verifying Parada's true identity, as reflected by his criminal history and the two-level enhancement given in this case when he made materially false representations to the USPO about his true identity.[19]

On August 24, 2020, Parada filed a pro se motion requesting that the United States Probation Office for the District of Kansas correct allegedly "misleading information" in his PSR pursuant to the Privacy Act.[20] Three days later, on August 27, 2020, he filed a motion for reconsideration of the Court's order denying his motion for release.[21] The FPD filed supplemental materials to Parada's pro se motion for reconsideration on September 4 and November 3, 2020.[22]

## II.      Motion to Correct the Inaccurate Information within PSR

The Privacy Act "governs the government's collection and dissemination of information and maintenance of its records."[23] As a general rule, "individuals [may] gain access to government records on them and [] request correction of inaccurate records."[24] An individual may bring a civil action against an agency when it fails to comply with any provision of the statute.[25] The Privacy Act, however, does not apply to federal probation offices because they are

---

[19] *Id.* at 13.

[20] Doc. 445 at 1.

[21] Doc. 446.

[22] Docs. 448, 449.

[23] *Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998).

[24] *Id.*

[25] 5 U.S.C. § 552a(g)(1).

"administrative units of the United States courts," and the federal courts "are not subject to the Privacy Act."[26]

The criminal history section of Parada's PSR includes offenses committed before the age of eighteen. Paragraph 35 of the PSR explains that "those offenses were prosecuted as adult offenses, not juvenile offenses, and are treated accordingly as adult offenses." Parada contends that the offenses set forth in paragraphs 37 and 40, both committed before the age of eighteen, were juvenile offenses, not adult offenses, and the PSR thus "wrongly attributed two juvenile criminal history points, affecting the integrity of [his] proceedings and Due Process and further affecting [the] duration of [his] confinement and programming."[27] Parada requests that the United States Probation Office for the District of Kansas "correct the accuracy of [his] criminal history points" in the PSR pursuant to the Privacy Act.[28] Because the statute does not apply to federal probation offices, Parada has failed to state a claim under the Privacy Act.

## III. Motion for Reconsideration

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders. Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[29] While a motion to reconsider is available where the court has

---

[26] *Fuller-Avent v. U.S. Prob. Office*, 226 Fed. App'x 1, 2 (D.C. Cir. 2006) (per curiam) (citing 18 U.S.C. § 3602; *Pickus v. U.S. Bd. of Parole*, 507 F.2d 1107, 1112 (D.C. Cir. 1974)). Moreover, the BOP has exempted the Inmate Central Record System, where an inmate's PSR is located, from the Privacy Act's amendment and maintenance requirements. *See* 27 C.F.R. § 16.97; *Tyler v. U.S. Fed. Bureau of Prisons*, 315 F. Supp. 3d 313, 317 (D.D.C. 2018), *aff'd*, No. 18-5187, 2019 WL 1752626 (D.C. Cir. Mar. 28, 2019), *cert. denied*, 140 S. Ct. 889 (2020).

[27] Doc. 445 at 6. Parada raised the same objection to his PSR, arguing that, "[r]egarding ¶ 37 and ¶ 40, no criminal history points should be assessed for either conviction because they both were offenses committed prior to age eighteen and neither meets the 5 year limit nor involve a sentence of imprisonment exceeding one year and one month." PSR ¶ 112. The Court overruled and denied the objection.

[28] Doc. 445 at 6.

[29] D. Kan. R. 7.3(b).

"misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[30] "The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'"[31] "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[32] Whether to grant a motion for reconsideration is left to the court's discretion.[33]

Parada's motion for reconsideration revisits issues already addressed and denied by the Court. Parada reiterates that he suffers from stage-2 kidney disease, intestinal issues, migraines, post-traumatic stress disorder, and blindness in one eye. He also restates that he contracted the COVID-19 virus and that he continues to experience symptoms, including loss of sense of smell and taste, chest pains, and shortness of breath. A motion for reconsideration, however, is an inappropriate vehicle to revisit issues this Court previously addressed.

Parada provides the Court with an update on the conditions at FCI Lompoc.[34] He also offers a medical update, stating:

> [On] May 22, 2020, EKG, was done on me and the results came back my heart is abnormal, on July 24, 2020, two more EKG's were conducted on me and the results came back that my heart is abnormal and I was requested to be seen by a cardiologist. (The

---

[30] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b))).

[31] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[32] *Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998); *see also Turner v. Nat'l Council of State Bds. of Nursing*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[33] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[34] Doc. 449.

        latest EKG reports are not in my present medical record, this
        Honorable Court can have them requested if needed.)[35]

While it is regrettable that Parada continues to experience COVID-19 symptoms and other medical issues after contracting the COVID-19 virus at a BOP facility hit hard by the pandemic, these updates do not change the Court's previous analysis. Thus, the Court denies Parada's motion for reconsideration.

        **IT IS THEREFORE ORDERED BY THE COURT** that Parada's Motion to Correct the Inaccurate Information within PSR (Doc. 445) and Motion for Reconsideration (Doc. 446) are **denied**.

        **IT IS SO ORDERED.**

        Dated: November 30, 2020

                                    S/ Julie A. Robinson
                                    JULIE A. ROBINSON
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[35] Doc. 446 at 5.