## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 5:03-40053-JAR-1** |
| **NORMAN A. PARADA,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Norman A. Parada's *pro se* Motion for Compassionate Release (Doc. 461) under 18 U.S.C. § 3582(c)(1)(A). The matter is fully briefed, and the Court is prepared to rule. For the following reasons, the Court denies the motion.

### I.    Background

On May 21, 2003, Parada and three others were indicted for: (1) possession with intent to distribute 100 grams or more of PCP; and (2) conspiracy to distribute 100 grams or more of PCP.[1] A jury convicted Parada on both charges on November 26, 2003, and he was subsequently sentenced to a controlling 405-month term of imprisonment.[2] On June 17, 2005, the United States Court of Appeals for the Tenth Circuit reversed Parada's convictions based on an evidentiary error and remanded the case for a new trial.[3]

---

[1] Doc. 1.

[2] Doc. 138.

[3] *United States v. McNeill*, 136 F. App'x 153 (10th Cir. 2005).

Following his second trial, Parada was again convicted by a jury on both counts.[4]  Parada

was sentenced to two controlling terms of 405-months' imprisonment to be served concurrently.[5]

Parada appealed to the Tenth Circuit, and that court affirmed his conviction on August 29, 2009.[6]

Parada filed a petition for a writ of certiorari with the United States Supreme Court, which was

denied on May 24, 2010.[7]

Parada then filed a motion for relief under 28 U.S.C. § 2255 based on allegations of

ineffective assistance of counsel.  This Court denied his motion,[8] and the Tenth Circuit declined

to issue a certificate of appealability.[9]  Since then, Parada has filed three separate motions for

authorization to file a successive § 2255 motion, each of which the Tenth Circuit has denied.

On January 23, 2015, this Court reduced Parada's sentence from a 405-month controlling

term of imprisonment to a 327-month term of imprisonment based on a retroactive change in

sentencing laws and resulting amended offense level.[10]  Then, on June 13, 2016, Parada filed

another motion for relief under § 2255 without seeking prior authorization from the Tenth

Circuit.[11]  This Court dismissed that § 2255 motion as an unauthorized successive motion.[12]

On May 26, 2020, Parada filed a *pro se* motion for compassionate release pursuant to

§ 3582(c)(1)(A).  Parada argued that he was a candidate for release because he contracted

COVID-19, suffered from the impact of the virus, and otherwise suffered from a series of

---

[4] Doc. 309.

[5] Doc. 347.

[6] *United States v. Parada*, 577 F.3d 1275 (10th Cir. 2009).

[7] Docs. 371, 372.

[8] Docs. 412, 419.

[9] *United States v. Parada*, 555 F. App'x 763 (10th Cir. 2014).

[10] Doc 422.

[11] Doc. 426.

[12] Doc. 433.

medical conditions that impact his overall health, specifically kidney disease, intestinal and bladder issues, migraines, post-traumatic stress disorder ("PTSD"), blindness in one eye, and the presence of the sickle cell gene.[13]

Under Standing Order 19-1, the Federal Public Defender ("FPD") has been appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD must notify the Court within fifteen days of filing of any *pro se* compassionate release motion whether it intends to enter an appearance on behalf of the defendant or seek additional time to make such a determination.  The FPD entered its appearance on June 5, 2020 and filed supplemental materials to Parada's first *pro se* motion on July 10 and July 24, 2020.

On August 10, 2020, the Court denied Parada's motion.[14]  The Court held that Parada exhausted his administrative remedies and determined that his pre-existing medical conditions, in combination with his positive COVID-19 test, established extraordinary and compelling reasons, but ultimately denied relief because application of the 18 U.S.C. § 3553(a) factors did not warrant compassionate release.[15]  The Court found that Parada had a "robust history of criminal conduct," and that his offense was committed while on probation for possession of cocaine in California, and less than two years after his release from custody from another criminal offense.[16]  The Court further noted its particular concern with Parada's history of using multiple

---

[13] Doc. 436.

[14] Doc. 443.

[15] *Id.* at 11–14.

[16] *Id.* at 12.

identities, and that his identity remains unconfirmed to this day.[17]  Finally, the Court found that reducing Parada's current sentence by approximately one-fourth would produce a sentence that no longer reflects the seriousness of his criminal conduct, nor furnishes adequate deterrence or provides just punishment, and that no new facts justify such a substantial disparity.[18]  The Court denied Parada's motion for reconsideration.[19]  On January 11, 2022, the Tenth Circuit Court of Appeals affirmed this Court's denial of Parada's motion for compassionate release.[20]

On July 15, 2022, Parada filed his second motion for compassionate release currently before the Court.  Parada contends that he is a proper candidate for compassionate release because he would no longer be subject to a mandatory-minimum sentence of 20 years, as his prior California conviction would not qualify for an enhancement under 21 U.S.C. § 851.  He further argues that his rehabilitation in prison warrants early release.  He does not have a release plan.

Parada is currently serving his sentence at Federal Correction Institution ("FCI") Lompoc in California.  He is forty-five years old and his projected release date is December 29, 2025.  The FPD has not entered an appearance on Parada's behalf on this motion.

## II.   Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[21]  "One

---

[17] *Id.* at 13.

[18] *Id.* at 13–14.

[19] Doc. 450.

[20] *United States v. Parada*, No. 20-3244, 2022 WL 108972, at *2–3 (10th Cir. Jan. 11, 2022).

[21] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

such exception is contained in [18 U.S.C.] § 3582(c)(1)."[22]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[23] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[24]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[25]

## III.    Discussion

### A.    Exhaustion

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[26]  Here, Parada provides evidence demonstrating that he has exhausted his available remedies with the warden at FCI Lompoc.[27]  The Court thus proceeds to the merits.

---

[22] *Id.*

[23] Pub. L. No. 115-391, 132 Stat. 5194.

[24] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[25] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[26] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[27] Doc. 465-1.

### B.        Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[28]  While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[29]  Thus, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[30]

Parada maintains that he is a candidate for compassionate release on grounds that he would no longer be subject to a mandatory-minimum sentence of 20 years' imprisonment because his California conviction would not qualify for an enhancement under § 851.  He further argues that his rehabilitation while in prison warrants early release.  Assuming that he could establish that his prior conviction no longer qualifies for an enhancement, such a correction has no impact on the overall sentence of 327 months' imprisonment imposed in this case.  If sentenced today, Parada's total offense level would be 34 and his criminal history category VI, resulting in a Guidelines range of 262 to 327 months, well above the mandatory minimum of 10 years.[31]  Thus, a possible change in the statutory mandatory-minimum sentence from 20 years to

---

[28] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[29] *Id.* at 836–37.

[30] *Id.* at 837.

[31] Doc. 422; see 21 U.S.C. § 841(b)(1)(A).

10 years has no effect on the overall Guidelines range and falls short of presenting an extraordinary and compelling reason for a sentence reduction.

Moreover, while the Court commends Parada on his rehabilitation efforts, it is well settled that rehabilitation alone is not an extraordinary and compelling reason for compassionate release.[32]  Accordingly, the Court denies Parada's motion on the ground that he fails to establish extraordinary and compelling reasons warranting compassionate release.

### C.        Section 3553(a) Factors

Even if Parada had presented an extraordinary and compelling reason for compassionate release the factors set forth in § 3553(a) do not warrant a reduction in his sentence.[33]  Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[34]  The Court considers the § 3553(a) factors in light of post-sentencing developments.[35]

---

[32] *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021); *see also* 28 U.S.C. § 994(t) ("Rehabilitation . . . alone shall not be considered an extraordinary and compelling reason.").

[33] *See Maumau*, 993 F.3d at 831 ("[Section] 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (second and third alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020))).

[34] 18 U.S.C. § 3553(a).

[35] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring) (per curiam) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence.  Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing."); *cf. Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly

The Court already analyzed the factors under § 3553(a) in its previous order denying Parada's motion for compassionate release.[36]  Parada has not explained why a different result would be warranted now.  Nor has Parada shown that the sentence originally imposed by this Court is no longer sound under § 3553(a) and fails to provide a release plan, weighing against his release.[37]  For the reasons set forth in this Court's original order denying Parada compassionate release after considering the necessary § 3553(a) factors, which have been affirmed by the Tenth Circuit and are incorporated by reference herein, the same results must apply here.[38]

Accordingly, the Court denies Parada's motion because he fails to show extraordinary and compelling reasons warranting a sentence reduction, and the § 3553(a) factors do not support one either.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Norman A. Parada's Motion for Compassionate Release (Doc. 461) is **denied**.

**IT IS SO ORDERED.**

Dated: October 26, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

relevant" under § 3553(a)); *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

[36] Doc. 443 at 12–14.

[37] *See United States v. Allison*, No. CR16-5207RBL, 2020 WL 3077150, at *4 (W.D. Wash. June 10, 2020) ("Shortening a defendant's sentence where there is no adequate release plan offers no benefit to the health of the inmate and in the process likely further endangers the community into which the defendant is release[d].").

[38] *See United States v. Parada*, No. 20-3244, 2022 WL 108972, at *2–3 (10th Cir. Jan. 11, 2022).