## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 03-CR-40053-JAR-1** |
| **NORMAN A. PARADA,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Norman A. Parada's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 467).[1]  The motion is fully briefed, and the Court is prepared to rule.  For the reasons discussed below, the Court dismisses Defendant's motion.

### I.      Facts

On November 26, 2003, Defendant was convicted of Counts I and II of the Indictment—conspiracy to distribute 100 grams or more of PCP and possession with the intent to distribute 100 grams or more of PCP, in violation of 21 U.S.C. §§ 846 and 841(a)(1).[2]  On March 31, 2004, the Court sentenced Defendant to 405 months' imprisonment.[3]  Defendant appealed, and the Tenth Circuit Court of Appeals reversed Defendant's conviction and remanded the case for a

---

[1] Although Defendant's motion references "§ 3582(c)(2) [and] § 1B1.13(b)(6)," Defendant's motion does not assert he is entitled to a sentence reduction based upon the assertion he is a "Zero-Point Offender."

[2] Doc. 110.

[3] Doc. 138.

new trial.[4]  On November 21, 2006, Defendant was re-convicted of the same crimes.[5]  On August

28, 2007, this Court again sentenced Defendant to 405 months' imprisonment.[6]

On October 21, 2009, the United States Court of Appeals for the Tenth Circuit affirmed

Defendant's conviction and sentence.[7]  Defendant filed a petition for a writ of certiorari with the

United States Supreme Court, which was denied on May 24, 2010.[8]  Defendant then filed a

motion for relief under 28 U.S.C. § 2255 based on allegations of ineffective assistance of

counsel.  This Court denied his motion,[9] and the Tenth Circuit declined to issue a certificate of

appealability.[10]  Since then, Defendant has filed three separate motions for authorization to file a

successive § 2255 motion, each of which the Tenth Circuit has denied.

On January 23, 2015, this Court issued an Order pursuant to 18 U.S.C. § 3582(c)(2)

reducing Defendant's sentence to 327 months' imprisonment.[11]

On December 21, 2023, Defendant filed the instant motion seeking a reduction in his

sentence.[12]

## II.    Standard

"A district court does not have inherent authority to modify a previously imposed

sentence; it may do so only pursuant to statutory authorization."[13]  Section 3582 allows for a

---

[4] Doc. 171; *United States v. McNeill, et al.*, 136 F. App'x 153 (10th Cir. 2005).

[5] Doc. 309.

[6] Doc. 347.

[7] Doc. 370; *United States v. Parada*, 577 F.3d 1275 (10th Cir. 2009).

[8] Docs. 371, 372.

[9] Docs. 412, 419.

[10] *United States v. Parada*, 555 F. App'x 763 (10th Cir. 2014).

[11] Doc. 422.

[12]  Doc. 467.

[13] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[14]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[15]  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[16]

## III.    Discussion

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant does not maintain that he is a "Zero-Point Offender."  The government correctly notes that Defendant's criminal history score was eleven.[17]  Thus, the Court need not analyze the U.S.S.G. § 4C1.1(a) factors.

Instead, it appears that Defendant seeks further relief pursuant to Amendment 821's Part A, which limits the criminal history impact of "Status Points" in U.S.S.G. § 4A1.1.  Of note, the relevant change removed U.S.S.G. § 4A1.1(d)—which added two points if the relevant offense was committed while under a criminal justice sentence —and replaced it with U.S.S.G.

---

[14] *See* 18 U.S.C. § 3582(c)(2).

[15] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[16] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

[17] *See* PSR ¶ 51.

§ 4A1.1(e), which adds one point if the defendant receives seven or more points in the previous subsections, and, additionally, committed the instant offense while under a criminal justice sentence.[18]

 Defendant's presentence investigation report shows that he committed the instant offense while on probation pursuant to a California conviction.[19]  The government acknowledges that although Defendant received a 2-point increase in the report, he would only receive a 1-point increase if he was sentenced today.

Regardless, the government correctly argues that Defendant would still have a total of thirteen criminal history points and a criminal history category of VI.[20]  Consequently, U.S.S.G. § 4C1.1 does not provide any relief to Defendant.

In his reply, Defendant asserts, without citation, that the California conviction in question "was illegally applied to give [him] an additional one point in his criminal history that he should have never had.  This is because he was never sentence (sic) to any jail time nor probation for that offense."[21]

In addition, as the government notes, Defendant appears to suggest that his "recency point" applied under Section 4A1.1(e) would not count today.[22]  While the Sentencing Commission did remove "recency points" in Amendment 742, the Commission did not make that change retroactive.[23]  Accordingly, Amendment 742 is inapplicable to Defendant's sentence.

---

[18] *See* U.S.S.G. § 4A1.1(e).

[19] *See* PSR ¶ 52.

[20] *See* PSR ¶ 54.

[21] Doc. 469 at 2.  In his motion, Defendant argues he "received a two years [sic] suspended sentence, and three years probation for his 11351 California cocaine drug conviction."  Doc. 467 at 2.

[22] *See* PSR ¶ 53; Doc. 467 at 2.

[23] *See United States v. Gutierrez*, 440 F. App'x 673, 675 (10th Cir. 2011).

Lastly, the government argues, "defendant attempts to smuggle in various arguments that are more appropriate under either compassionate release or 28 U.S.C. § 2255, namely, that the government's enhancement under 21 U.S.C. § 851 would not be authorized today and that his sentence would be significantly lower. Neither claim is appropriate under Section 3582(c)(2), nor has either claim been properly exhausted per Section 3582(c)(1)(A)(i)."[24]

Notably, Defendant does not discuss exhaustion in his motion or his eight-sentence reply.[25]  Even if this claim were properly exhausted, Defendant's "unusually long sentence" and/or "disparate sentence" argument is undeveloped.

In short, Defendant's request for a sentence reduction is not authorized, so the Court lacks jurisdiction to reduce his sentence.[26]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 467) is **dismissed**.

**IT IS SO ORDERED.**

Dated: <u>April 10, 2024</u>

<u>  s/  Julie A. Robinson</u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[24] Doc. 468 at 6.

[25] Doc. 469.

[26] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).